# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**QUINCY F. JACKSON, #13633-171**                               **PETITIONER**

**VERSUS**                           **CIVIL ACTION NO. 5:10-cv-144-DCB-JMR**

**BRUCE PEARSON, et al.**                                       **RESPONDENTS**

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal after screening pursuant to 28 U.S.C. § 2243. Petitioner is a federal inmate who was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, when he filed this Petition for a Declaratory Judgment pursuant to 28 U.S.C. § 2201, on September 1, 2010. According to Petitioner's Response [12] filed March 14, 2011, he is currently confined at the Federal Correctional Institution in Butner, North Carolina. Petitioner states that he is currently serving a term of imprisonment for possession with intent to distribute cocaine and marijuana and possession of a firearm in furtherance of a drug trafficking crime. Upon review of the Petition submitted along with the entire court record, the Court has reached the following conclusions.

Petitioner is challenging his identification as a sex offender by the Bureau of Prisons (BOP). Petitioner claims that the BOP is incorrectly classifying his previous state court conviction of simple assault and battery as a sex offense. Petitioner complains that this invalid designation has resulted in (1) a sex offense public safety factor being considered in determining his custody classification level and (2) applicability of the notification provisions found in 18 U.S.C. § 4042(c).[1] As relief, Petitioner is requesting the removal of the sex offense public safety

---

[1] The current version of 18 U.S.C. § 4042(c) requires the notification of authorities prior to the release of any person who is required to register as a sex offender and also "any other person in a category specified by the Attorney General." The Court notes that Petitioner spends the majority of his efforts

factor from his institutional classification form along with the removal of all records indicating that notification under § 4042(c) applies to him. *See* Compl. [1], p. 3- 5.

**I. Analysis**

Initially the Court notes that the Declaratory Judgment Act, 28 U.S.C. § 2201, does not create an independent basis for this Court's jurisdiction, but rather provides an additional remedy, where jurisdiction already exists. *See Parham v. Clinton*, 374 F. App'x 503, 504 (5th Cir. Mar. 17, 2010)(citing *Simi Inv. Co. v. Harris County, Tex.*, 236 F.3d 240, 247 (5th Cir. 2000))(noting "that Declaratory Judgment Act claims, without another basis for jurisdiction, cannot support the district court's jurisdiction"). Since Petitioner is proceeding *pro se*, and jurisdiction for this case can not be based solely on the Declaratory Judgment Act, the Court will liberally construe Petitioner's claims as being brought under the habeas corpus statute and as a civil rights complaint. *See Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998)(court has the power to liberally construe a *pro se* petitioner's pleading as one brought pursuant to another statue).[2]

---

challenging the inapplicability of the § 4042 notification procedures under the *Simmons v. Nash*, 361 F.Supp. 2d 452, 459 (D.N.J. 2005) line of cases. However, these cases apply to the previous version of § 4042, which was significantly amended by the *Adam Walsh Child Protection and Safety Act of 2006*, Pub.L. No. 109-248, § 141, 120 Stat 587, 603-04 (2006). Thus, the argued authority is largely inapplicable and unpersuasive.

[2]Although the Administrative Procedures Act (APA), 5 U.S.C. § 551 *et seq.*, can provide a proper basis for a civil action in some circumstances, the Court notes that Petitioner does not challenge the validity of the program statement relied upon by the Bureau to apply the sex offense public safety factor (PSF) to his classification level under the APA or otherwise, but instead his challenge is limited to the application of the PSF to his particular case, *i.e.*, he was "never convicted of criminal sexual conduct under any South Carolina statute nor is his current offense a sexual offense." Compl. [1], at 2; *see generally, Richmond v. Scibana,* 387 F.3d 602, 605-06 (7th Cir. 2004)(discussing when a claim may arise under the APA). In addition, some Courts have found the APA inapplicable to BOP program statements. *See Callendar v. Cruse*, No. 3:09cv1569, 2010 WL 1838311, at *3 (N.D. Tex. Apr. 2, 2010)(citations omitted)(holding BOP program statements are not subject to the requirements of the APA). Thus, the Court will not construe Petitioner's claims as being asserted under the APA.

### A. Habeas Corpus Petition, 28 U.S.C. § 2241

Federal prisoners may challenge the manner in which their "sentence is carried out or the prison authorities' determination of its duration" in a habeas petition pursuant to § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). However, habeas relief "is not available to review questions unrelated to the *cause* of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976)(emphasis added); *see Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009)("Because Moore does not seek release from custody, his claims are not cognizable in a habeas proceeding."). The United States Court of Appeals for the Fifth Circuit in *Pierre* went on to say that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Id*. at 935-36; *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Since the Petitioner is not seeking an accelerated release from custody nor would his success in this suit entitle him to release from custody, he cannot pursue his claims as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

### B. Claims under *Bivens*

A federal inmate may assert a constitutional challenge to the conditions of his confinement in a civil rights complaint, also known as a *Bivens* complaint. *See Bivens v. Six Unknown Federal Agents*, 403 U.S. 388, 395-97 (1971)(a victim who has suffered a constitutional violation by a federal actor can recover damages in federal court). However, the law is clear, an inmate does not have a right under the Constitution in his custodial classification. *See Wolters v. Fed. Bureau of Prisons*, 352 F. App'x 926, 928 (5th Cir. 2009)(citing *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995))("[A] prison inmate does not have a protectable liberty or property interest in

his custodial classification"). Furthermore, the classification of prisoners in certain custody levels or categories is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted). Therefore, the application of a sex offense public safety factor to Petitioner's prison custody classification form does not amount to a constitutional violation warranting relief under *Bivens*.

Turning to Petitioner's claims regarding the applicability of the notification provisions found in 18 U.S.C. § 4042(c), to his specific case, it is unlikely that an actual controversy of constitutional proportion exists to satisfy the "ripeness" doctrine. *See United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000)("Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review."); *see also Texas v. United States*, 523 U.S. 296, 300 (1998)("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."). A court may raise the issue of ripeness *sua sponte*. *See Rosedale Missionary Baptist Church v. New Orleans*, 641 F.3d 86, 90-91 (5th Cir. 2011).

The Fifth Circuit has explained that, "[a]s a general rule, an actual controversy exists where a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000)(citations omitted)(recognizing the "unique challenge" of applying the ripeness doctrine in the declaratory judgment context to find that "[n]onetheless, a declaratory judgment action, like any other action, must be ripe"). "Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis." *Id*.

In determining if the facts before the Court are "sufficiently immediate," the Court notes that Petitioner's claims are comparable in certain respects to the claims asserted in *Lopez v. City of Houston,* 617 F.3d 336 (5th Cir. 2010). In *Lopez*, the Appellants argued that mid-decade redistricting would not occur because the City had rendered a decision to use old census data in determining its population. *Id.* at 341. The Court found that since new census figures would be available prior to the next election the Appellants claims were "too speculative to be fit for judicial review at this time." *Id*. at 342.

In the case *sub judice*, Petitioner asserts that since the BOP has placed the sex offense public safety factor on his custodial classification form, the BOP will then apply the notification portions of § 4042(c) to his release from incarceration in 2014.[3] Similar to the Appellants in *Lopez*, who asked the Court to speculate how the City would act in the future to render a current legal decision, Petitioner is asking the Court to speculate how the BOP will act in 2014, to render a current legal decision.[4] The Court finds the "immediacy and reality" of the purported controversy (*possible* application of the *current* notification provisions of § 4042(c), to the Petitioner upon his release in 2014) to be lacking. *See Gray v. Johnson*, No. 97-41492, 1998 WL 224065, at *1 (5th Cir. Apr.13, 1998)(regarding dispute over when State intended to release prisoner, holding that "[t]he controversy is more hypothetical than real and, as such, does not present a federal court with the Article III case or controversy requisite to its jurisdiction."). Therefore, assuming *arguendo* that Petitioner's challenge to the applicability of the notification

---

[3] According to the BOP's website, Petitioner's current "projected release date" is May 12, 2014.

[4] The speculative nature of Petitioner's claims are not only demonstrated by a projected release date that is close to three years away but also by the fact that Petitioner himself refers to an outdated version of the statute. As stated in footnote one of this opinion, § 4042 was significantly amended by the *Adam Walsh Child Protection and Safety Act of 2006*, Pub.L. No. 109-248, § 141, 120 Stat 587, 603-04 (2006).

provisions of § 4042(c) can be asserted in some form before this Court, such claims are not ripe for judicial review at this time and will be dismissed.

## II. Conclusion

As explained above, Petitioner's claims regarding a sex offense public safety factor being applied to his custody classification form do not rise to the level of a constitutional deprivation and will be dismissed, with prejudice. Petitioner's claims regarding the applicability of the notification provisions found in 18 U.S.C. § 4042(c), are not ripe for judicial review and will be dismissed without prejudice.[5] Therefore, Petitioner cannot maintain this action under the Declaratory Judgment Act, 28 U.S.C. § 2201. A Final Judgment will be issued in accordance with this Memorandum Opinion.

THIS the  22nd  day of  August , 2011.

            s/David Bramlette
            UNITED STATES DISTRICT JUDGE

---

[5] *See Rogers v. Ingolia*, No. 10-30648, 2011 WL 1664201, at *5 (5th Cir. May 2, 2011)(dismissal of declaratory judgment claims for lack of subject matter jurisdiction modified to be without prejudice).